FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 15, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

HENRY G. POTRYKUS,

Plaintiff,

v.

CITY OF YAKIMA, YAKIMA POLICE DEPARTMENT, MATTHEW MURRAY, in official and individual capacity; CITY ATTORNEY'S OFFICE and CITY LEGAL DEPARTMENT; SARA WATKINS, in official and individual capacity; BRONSON FAUL, in official and individual capacity; JOHN DOE, prosecuting attorney, CONNIE MENDOZA, in official and individual capacity; MARGO ROGERS, in official capacity; PATRICIA BYERS, in official capacity; RON DOE, in official and individual capacity, CAPTAIN MATTHEW SUTTON, in official and individual capacity; SERGEANT JEREMY SOPTICH, in official and

No. 1:25-CV-03166-SAB

**ORDER DENYING MOTION FOR CERTIFICATION FOR AN INTERLOCUTORY APPEAL**

**ORDER DENYING MOTION FOR CERTIFICATION FOR AN INTERLOCUTORY APPEAL ~1**

individual capacity; DETECTIVE ANDREW SHAW, in official and individual capacity; OFFICER ZACHARY HELMS, in official capacity; and POLICE OFFICER TOM DOE, in official and individual capacity,

     Defendants.

Before the Court are Plaintiff's Motion for Certification of an Interlocutory Appeal, ECF No. 17, and Motion to Request Service by U.S. Marshal, ECF No. 18. The motions were heard without oral argument. Plaintiff is representing himself in this matter.

On December 9, 2025, the Court dismissed Plaintiff's Complaint and granted him leave to file an Amended Complaint. ECF No. 9. Rather than file an Amended Complaint, Plaintiff filed a Motion for Reconsideration, which the Court denied. ECF No. 13. In doing so, the Court again granted Plaintiff leave to file an Amended Complaint. Instead of filing an Amended Complaint, Plaintiff now asks the Court to certify an interlocutory appeal of these Orders.

### Motion Standard

28 U.S.C. § 1292(b) provides a means for litigants to bring an immediate appeal of a non-dispositive order with the consent of both the district court and the court of appeals. *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981). The district court may certify an order for interlocutory appellate review under § 1292(b) if the following three requirements are met: (1) there is a "controlling question of law;" (2) there are "substantial grounds for difference of opinion;" and (3) "an immediate appeal may materially advance the ultimate termination of the litigation." *Id.* Also, certification is appropriate "only in exceptional situations in which allowing an interlocutory appeal would avoid

**ORDER DENYING MOTION FOR CERTIFICATION FOR AN INTERLOCUTORY APPEAL ~1**

protracted and expensive litigation." *Id.* (citing *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966)).

Interlocutory appears should be applied sparingly and only in exceptional cases. *United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir. 1959). The party pursuing the interlocutory appeal bears the burden of demonstrating the requirements of § 1292(b) have been met. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

**Analysis**

Here, Plaintiff has not shown that an interlocutory appeal of the Court's Orders that dismissed his Complaint but granted him leave to amend satisfies the requirements of § 1292(b). Most importantly, an immediate appeal of these Orders would not materially advance the ultimate termination of the litigation.

Accordingly, **IT IS HEREBY ORDERED**:

1.  Plaintiff's Motion for Certification of an Interlocutory Appeal, ECF No. 17, and Motion to Request Service by U.S. Marshal, ECF No. 18, are **DENIED**.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order and forward a copy to Plaintiff.

**DATED** this 15th day of April 2026.



Stan Bastian
Chief United States District Judge

**ORDER DENYING MOTION FOR CERTIFICATION FOR AN INTERLOCUTORY APPEAL ~1**